**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Rosa V.S., individually and on behalf of minor child M.G.V.,<br><br>Petitioners,<br><br>v.<br><br>Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; and Peter Salinas, in his official capacity as Sheriff of Frio County,<br><br>Respondents. | Case No. 26-cv-1349 (KMM/JFD)<br><br>**ORDER** |

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Rosa V.S. on behalf of herself and her minor child M.G.V. (Dkt. 1.) Petitioners ask the Court to order their immediate release from their current detention by federal immigration authorities. Respondents argue that the Court should dismiss the petition for lack of jurisdiction or transfer venue to the Western District of Texas because Petitioners were not in custody in Minnesota when they filed his petition, or to deny the petition on its merits. For the reasons that follow, this matter is transferred to the Western District of Texas.

## BACKGROUND

Petitioners are citizens of Guatemala who have lived in the United States since 2019. (Dkt. 1 ¶ 51.) Petitioners were recipients of deferred action status in February 2025. (*Id.* ¶ 52.) Petitioner Rosa V.S. received work authorization following the deferred action status. (*Id.* ¶ 53.) Petitioners have been residing in White Bear Lake and Rosa V.S. has been employed at a restaurant in Roseville. (*Id.* ¶¶ 51, 54.) M.G.V. is Rosa V.S.'s six-year-old child. (*Id.* ¶ 55.) They have not previously been placed in removal proceedings. (*Id.* ¶ 56.) Immigration and Customs Enforcement (ICE) arrested Petitioners on January 23, 2026. (*Id.* ¶ 57.) Following Petitioners' arrest, ICE initially held them at the Bishop Henry Whipple Federal Building in Fort Snelling, Minnesota, but before the habeas petition was filed on February 11, 2026, ICE transferred Petitioners to the South Texas Family Detention Center in Dilley, Texas. (*Id.* ¶¶ 1, 59.)

## DISCUSSION

Respondents challenge the Court's jurisdiction to address this matter because ICE transferred Petitioners to the Western District of Texas more than two weeks before they filed the petition. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Petitioners' pre-filing transfer to Texas prevents this Court from adjudicating his petition. (Dkt. 6.) To the extent Respondents suggest that Petitioners' transfer deprives the Court of subject matter jurisdiction, the Court disagrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to his filing of a habeas petition, properly filed his petition in the Western District of New York.

542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has jurisdiction over [the immediate custodian]." *Id.* at 442. But in explaining these rules, the Court was clear that it was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the "immediate custodian" and "territorial jurisdiction" rules "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction").[1]

Although the Supreme Court has not subsequently clarified whether the immediate-custodian and territorial-jurisdiction rules are matters of personal jurisdiction or venue, nothing in *Padilla* suggests that this Court lacks *subject-matter jurisdiction* because a petition is filed in this District after a petitioner has already been transferred outside of Minnesota. The Court, therefore, declines Respondents' invitation to dismiss this matter for lack of subject-matter jurisdiction. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file his habeas in the district where

[1] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are "best understood as a question of personal jurisdiction or venue." 542 U.S. at 451 (Kennedy, J., concurring).

he was confined that "defect did not deprive the district court of subject matter jurisdiction").

Even though the Court has subject-matter jurisdiction, that conclusion does not end the inquiry regarding the proper forum for Petitioners' challenge to their confinement. Respondents argue that the Court should transfer the petition to the Western District of Texas. *Padilla* states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the Western District of Texas. The Western District of Texas was also the district of confinement when Petitioners filed their petition in this District. Accordingly, the proper forum for the petition in this case is in the Western District of Texas, not this Court.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at

*2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[2] But this exception does not apply here because the allegations in the petition show that Petitioners' counsel knew they were located in Texas at the time the petition was filed, and that they had been there for some time. (Dkt. 1 ¶ 1.) Under these circumstances, the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Kristi Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew about petitioner's location in another district when the petition was filed but transferring to the place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).[3]

## ORDER

For the reasons discussed above, **IT IS his EBY ORDERED THAT** this matter is **TRANSFERRED** to the Western District of Texas. The Clerk of Court is directed to effectuate the transfer without delay.

---

[2] This case differs materially from the undersigned's recent decision in *Aleksander B.* There, the petitioner's whereabouts were not known to counsel when the petition was filed and the respondents were not forthcoming with information when the petitioner's counsel asked them about his location for several days. 2026 WL 172435, at *3. Here, Petitioners were transferred out of this District more than two weeks before the petition was filed and counsel does not raise any specific concerns about identifying their location during this period.

[3] The Court might reach a different decision if it appeared that transfers were being made specifically to obscure a petitioner's location, or to deprive a petitioner of accessing his counsel. There is nothing in the record before the Court to support either suggestion.

Dated: February 16, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge